# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 24, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DONALD PERRY, | * | |
| | * | |
| Petitioner, | * | No. 18-1912V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Scott R. Doody,* Law Offices of Scott R. Doody, Fort Worth, TX*.,* for petitioner.
*Mary E. Holmes,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION FINAL ATTORNEYS' FEES AND COSTS[1]

On October 29, 2024, Donald Perry ("petitioner"), filed a motion for final attorneys' fees and costs. Petitioner's Fees Motion ("Pet'r Fees App.") (ECF No. 107). For the reasons discussed below, I **GRANT** petitioner's motion for final attorneys' fees and costs and award a total of $64,673.41.

### I.     Procedural History

On December 13, 2018, petitioner filed his claim in the National Vaccine Injury Compensation Program[2], alleging that as a result of receiving the varicella vaccine on December 13, 20216 and the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on December 15, 2016, he suffered from shingles and transverse myelitis. Petition (ECF No. 1). On September 30,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2024, respondent file a stipulation, which I adopted as my decision awarding compensation on December 1, 2024. *See* Stipulation (ECF No. 100); Decision (ECF No. 101).

On October 29, 2024, petitioner filed a motion for final attorneys' fees and costs, requesting a total of $58,725.25 in attorneys' fees and $10,269.56 in attorneys' costs. Pet'r Fees App. at 5-19. Respondent filed a response to petitioner's motion on October 30, 2024, stating that he is satisfied "the statutory requirements for an award of attorneys' fees and costs are met in this case," and requested that the special master exercise his discretion to determine a reasonable award. Respondent ("Resp't") Response (ECF No. 108). Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Hourly Rates

Petitioner is requesting a total of $58,725.25 in attorneys' fees, for work performed by counsel, Mr. Scott Doody. Mr. Doody provided an invoice that outlined his hours worked from 2017 through 2024 on this matter and the hourly rate he charged for such tasks. *See* Pet'r Fees App at 5-19. The hourly rates that petitioner's counsel charged from 2017 through 2018 are consistent with rates that Mr. Doody has previously been awarded for work performed in other Vaccine Program cases. *See Brierton v. Sec'y of Health & Hum. Servs.,* No. 15-1357V, 2018 WL 6539750 (Fed. Cl. Spec. Mstr. Oct. 31, 2018) (awarding an hourly rate of $315 for 2017 and $325.00 for work performed in 2018). Petitioner also requested that Mr. Doody be awarded the following rates for 2019 through 2024: $375.00 for 2019; $400.00 for 2020; $425.00 for 2021; $450.00 for 2022; $475.00 for 2023; and $500.00 for 2024. Given that Mr. Doody has been awarded OSM Attorneys' Forum Hourly Rates in the past, the OSM Forum Hourly Rates shall apply in this matter. This warrants an adjustment of counsel's requested rates for 2019-2024.

Petitioner's counsel only provides a limited affidavit, stating that he has over 20 years of experience and that he graduated from the University of Baltimore School of Law.[3] Pet'r Fees App. at 3. In previous Vaccine Cases, Mr. Doody was awarded hourly rates for attorneys with 11-19 years of experience. *See Brierton,* at *3. From 2019-2021, Mr. Doody would still be in the same range of experience for OSM Attorneys' Forum Rates. Given some of the filing issues that Mr. Doody experienced early on this case, such as filing and obtaining medical records to support petitioner's claim and that the requested rate for 2021 exceeds the OSM Attorneys' Forum Rates, I will adjust Mr. Doody's rates. Accordingly, I award him an hourly rate of $360.00 for 2019; $375.00 for 2020; $400.00 for 2021. For work performed between 2022-2024, Mr. Doody is eligible for OSM Forum Hourly Rates for attorneys with 20-30 years of experience. However, the hourly rates he requested for 2022-2024 are excessive compared to the work performed and his experience in the Vaccine Program, therefore, I will adjust the rates to the following: $427.00 for 2022; $435.00 for 2023; and $450.00 for 2024. **Accordingly, this will result in an overall reduction of attorney's fees of $2,821.40.**

    **b. Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxon*, 3 F.3d at 1521 (quoting, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. *See Florence v. Sec'y of Health & Human Servs.,* No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice,* 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez*, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. *Id.* at *8.

    1. **Excessive Billing**

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

After a review of the billing log, I have determined that a reduction in the number of hours requested is appropriate for excessive billing. For example, on January 28, 2019, counsel spent 0.2 hours reviewing a notice of appearance by respondent; counsel spent another 0.2 hours reading an administrative notice regarding an upgrade to CM/ECF; 0.2 hours on September 23, 2019 reviewing a non-pdf order; 0.2 review notice of appearance on 09/09/2020; 0.6 hour spent on drafting and filing a motion for extension of time on 6/27/2022, but no such extension was

---

[3] According to a search of the State Bar of Texas, Mr. Doody obtained his Texas law license in 2002.

filed; 0.1 hours on 6/17/2022 for an "Email" only no description was included; 0.1 hours spent on "email" again with no description on November 7, 2023; 0.1 hours on "email" with no description or relevance for this case on February 16, 2024; 0.2 hours spent reviewing a non-pdf scheduling order on May 28, 2024. Many of the items listed include reviewing entries on the docket that do not require an opening of a separate document and therefore, reviewing such order should be relatively easy and quick. Further, it appears that some tasks such as "email" are too vague to determine what or how such email is related to petitioner's case. **Accordingly, I will reduce petitioner's fee request by $500.00 for the excessive billing.**

### 2. Administrative Tasks and Paralegal Work

"Tasks that can be completed by a paralegal or a legal assistant should be billed at an attorney's rate. *Riggins,* 2009 WL 3319818, at *2. [T]he rate at wh/ich such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed. *Doe/11 v. Sec'y of Health & Hum. Servs.,* XX-XXX, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). There are multiple entries that counsel billed at an attorney rate that can be considered paralegals tasks and should be billed at such rate. For example: 03/28/2017-Email: Email [petitioner] a new client case intake sheet; 03/28/2017-Draft document: draft welcome letter; draft all HIPPA Authorizations for [petitioner] review and signature: 0.2; 3/29/2018-Draft document: draft medical provider list with estimated dates of service; set up medical record order for [petitioner]; 12/31/2021-File expert report (this was repeated twice); 1/25/2022- Draft documents: Draft letter to Court Clerk; Draft Notice of Filing Exhibit 16 and Exhibit 17; draft and file notice of filing exhibit 16 and 17; 06/23/2022—Draft notice of Change of Address; 04/01/2024—Document Review: Follow up with regards to medical records requests. Pet'r Fees. App. at 8-16. **Accordingly, I will reduce petitioner's attorney's fees request by $700.00 for billing work at an attorney's rate that should have been billed at a paralegal rate.**

Similarly, "[b]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy,* 2016 WL 720969, at *5 (citing *Rochester,* 18 Cl. Ct. at 387). Further, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 CL. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Hum. Servs.,* No. 08-579V, 2014 WL 630473, at 4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). Petitioner's counsel also billed for tasks considered administrative, including sending correspondence, creating and updating internal files, mailing payments, and confirming appointments. Examples of these entries include the following: 03/28/2017-Admin: Set up new Case file; 01/04/2021-Admin: Update contacts in file; 08/09/2021-Email to set up [teleconference] with expert; 08/31/2021-Email to expert to set up [teleconference] for Wednesday afternoon; 10/01/2021-email to client with new med. Authorization; 12/12/2023-Added Document: [Petitioner] Demand Letter of Dec. 12, 2023; 03/19/2024-Added document: Draft-[Petitioner] Supplemental Affidavit; 04/03/2024-Review medical record and pay record invoice; 04/08/2024-Review medical record order and pay fees; 06/17/2024-Called client to set up meeting today. **Accordingly, I shall reduce the request for attorney's fees by $300.00.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner is requesting $10,269.56 in attorneys' costs. *See* Pet'r Fee App. at 19. These costs include obtaining medical records, the Court filing fee, and fees for an expert. The largest attorney's cost is the fee for expert, Dr. Matthew Imperioli. *Id.* at 20. Dr. Imperioli charged an hourly rate of $550.00 and performed a total of 10.3 hours of work, for a total of $5,675.00. Dr. Imperioli drafted one expert report, which I had reviewed and found it helpful in resolving this matter. Accordingly, his requested fee shall be awarded. Further, the other attorney's costs are well documented, and invoices accompanied the fee request. Accordingly, petitioner's attorney's costs shall be paid in full.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $58,725.25 |
|---|---|
| (Reduction of Fees) | - $4,321.40 |
| **Total Attorneys' Fees Awarded** | **$54,403.85** |
| | |
| Attorneys' Costs Requested | $10,269.56 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$10,269.56** |
| | |
| **Total Attorneys' Fees and Costs** | **$64,673.41** |

**Accordingly, petitioner is awarded attorneys' fees and costs in the total amount of $64,673.41 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).